# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:10-cv-655-GCM

JOHNNY LEE BELL,                    )
                                    )
        Petitioner,                 )
                                    )
    vs.                             )           **O R D E R**
                                    )
ALVIN W. KELLER, JR.,               )
                                    )
        Respondent.                 )
_____    )

**THIS MATTER** is before the Court on its own motion following the filing of Respondent's Motion for Summary Judgment. (Doc. No. 9). Respondent has filed a motion for summary judgment contending that Petitioner's Petition for Writ of Habeas Corpus, filed under 28 U.S.C. § 2254, presents no genuine issues of material fact and should therefore be denied and dismissed.

In accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), the Court advises Petitioner, who is proceeding <u>pro se</u>, of the heavy burden that he carries in responding to Respondent's Motion for Summary Judgment.

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material only if it might affect the outcome of the suit under governing law. <u>Id.</u>

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3, 106 S.Ct. 2548. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324, 106 S.Ct. 2548. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248, 106 S.Ct. 2505; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

The law further provides that if a party fails to "properly address another party's assertion of fact" the court may "consider the fact undisputed for purposes of the motion" or "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it[.]" Fed. R. Civ. P. 56(e). In other words, the Petitioner is required to present evidence to show that a fact is disputed.

If Petitioner has any evidence to offer to show that there is a genuine issue of fact, he must now present it to this Court in a form which would otherwise be admissible at a trial. This means that it must be in the form of affidavits or unsworn declarations. Federal Rule of Civil Procedure 56(c) provides that:

**(1) *Supporting Factual Positions*.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

**(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

**(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

**(2) *Objection That a Fact Is Not Supported by Admissible Evidence*.** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

**(3) *Materials Not Cited*.** The court need consider only the cited materials, but it may consider other materials in the record.

**(4) *Affidavits or Declarations*.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

An affidavit is a written statement under oath; that is, a statement prepared in writing and sworn before a notary public. . Howard Acquisitions, LLC v. Giannasca New Orleans, LLC, 2010 WL 3834917 **3 (D.Md. 2010). An unsworn declaration or statement, made and signed under the penalty of perjury, also may be submitted. 28 U.S.C. §1746.

Affidavits or unsworn declarations must be presented by the Petitioner to this Court within thirty (30) days of the entry of this Order. Pursuant to Rule 56(e), the **Petitioner's failure to respond may result in the granting of the Respondent's Motion for Summary Judgment; that is, in the dismissal of this Motion to Vacate with prejudice.**

**IT IS, THEREFORE, ORDERED** that on or before thirty (30) days from the entry of this Order, the Petitioner may file a response, including any evidence, to the Respondent's Motion for Summary Judgment. **Petitioner's failure to respond may result in Respondent being granted the relief it seeks by way of summary judgment, that is, the dismissal of the Petitioner's Motion to Vacate with prejudice.**

Signed: August 30, 2012

Graham C. Mullen
United States District Judge